J. D. LETCHER ET AL. V. E. W. CRANDELL.

Delivered January 29, 1898.

### 1. Habeas Corpus from County Court in Felony Case.

A county judge has no jurisdiction to issue a writ of habeas corpus for the release of one committed on a charge of felony by an examining court, who has not been indicted, since section 16 of article 5 of the Constitution only confers upon him power to issue writs of habeas corpus in cases where the offense is within the jurisdiction of the county court, or other court inferior to it, and the county' courts have not jurisdiction to try felony cases.

### 2. Same—Judgment Void.

The sheriff is not only justified in disregarding an order of the county court in habeas corpus proceedings discharging a prisoner, but it is his duty to do so, where the court has no jurisdiction to entertain the proceedings.

### 3. Exhibition of Writ Not Necessary, When.

The detention of a prisoner committed on a mittimus from a justice of the peace after a void order for his release granted by the county court in habeas corpus proceedings, is not illegal because the officer did not exhibit the mittimus to the prisoner after the order was made, but told him in effect that he could not let him go on such order.

ERROR to County Court of Jones. Tried below before Hon. D. L. ORR.

*Craig & Allen, H. L. Bentley,* and *Kirby & Kirby,* for plaintiffs in error.

*Christenberry & Colbert,* for defendant in error.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought on March 19, 1896, by the defendant in error, Crandell, against Letcher, the sheriff of Jones County, and the sureties on his official bond, for damages for false imprisonment. The cause of action is alleged to be, that defendant in error being held by the said sheriff on a mittimus from a justice of the peace of Jones County on a charge of rape, issued by said justice in an examining trial on February 13, 1896, wherein he had waived an examination and was remanded to the custody of the sheriff without bail, a writ of habeas corpus was, upon defendant in error's application, issued by the county judge of Jones County, and upon the hearing of which had upon the sheriff's return, showing that he held defendant in error under said mittimus, the county judge ordered him discharged from custody, but the sheriff, denying the authority and jurisdiction of the county judge or county court to discharge defendant in error, rearrested him as he was leaving the courthouse, though not having the mittimus in his possession at the time, and refusing to produce it when demanded by defendant in error.

The sheriff justified the arrest and imprisonment by the mittimus, contending that the order of the county judge discharging defendant in error was void, for want of jurisdiction to make such an order, it appearing that the defendant in error was held under a charge of felony. Judgment upon the verdict of a jury for $90 was rendered against appellants, to reverse which the writ of error in this case was sued out.

It appears from the record that the defendant in error was arrested under a warrant against E. C. Crandell, when his name was E. W. Crandell, and it is probable that upon this ground the learned county judge felt it his duty to discharge him. When carried before the justice of the peace for an examining trial, he made no objection to the name, but waived examination and submitted to a committal to imprisonment under that name, and no complaint is made in his petition of the invalidity of his arrest under said warrant, or of the mittimus on account of the error in the middle initial letter of his name; and hence we are not called upon to pass upon the validity of the original arrest and imprisonment under the order of committal down to the time of the order of the county judge discharging him from custody. The only question here presented is whether the county judge had jurisdiction to hear his case, he being lawfully committed upon a charge of rape—rape by our laws being a capital felony.

Our Constitution provides: "The county court or judge thereof shall have power to issue * * * writs of habeas corpus in cases where the offense is within the jurisdiction of the county court or any other court or tribunal inferior to said court." Art. 5, sec. 16.

By section 22, article 5, the Constitution has given the Legislature power to increase or diminish the jurisdiction of the county court.

Under our statutes the county courts have no jurisdiction to try felony cases, and upon the subject of issuing the writ of habeas corpus the Legislature has enacted that, where the person applying for the writ is confined on a charge of felony, and *indictment has been found,* he may apply to the judges of the district courts (Code of Criminal Procedure, article 158), and in case he is confined on a charge of misdemeanor, he may apply to the county judge (Id., article 159); but the statute seems to be silent as to a case where the person is committed on a charge of felony by an examining court, and not yet indicted. It would then appear that the Legislature has not enacted that in such a case the county judge should have jurisdiction, and we therefore conclude, in the absence of such legislation, that the jurisdiction of the county judge to issue the writ must be determined by the provision of the Constitution above quoted, and that the county judge in this case had no power to discharge the defendant in error, and consequently his order was null and void, and being void for want of power to legally make it, the sheriff was not only justifiable in disregarding it, but it was his duty to do so. It would have been no more protection to him for releasing the defendant in error from custody than if the order had been made by a private citizen. The fact that the sheriff produced the prisoner in response to the writ would make no difference, for his acts could not confer jurisdiction where none is given by law.

The undisputed evidence in this case proves that the defendant in error was being held by the sheriff under a valid commitment on a charge of felony, and upon the announcement of the county judge's decision discharging him from custody, he was leaving the courthouse when the

.sheriff detained him and returned him to jail. True, he did not exhibit his mittimus when his authority was demanded by defendant in error, but he told him, in effect, that he could not let him go on the order of the county judge. He knew, then, that he had already been committed by the justice of the peace, and the cause thereof, and he was therefore informed on the subject of his rearrest. See Cabell v. Arnold, 86 Texas, 102.

It is therefore clear, under the undisputed evidence in this case, that the court below should have instructed a verdict for the plaintiff in error; and that it is our duty to reverse the judgment rendered herein, and under article 1027, Revised Statutes, to render such judgment as should have been rendered below.

It is therefore ordered that the judgment aforesaid be reversed, and that defendant in error E. W. Crandell take nothing by his suit, and that plaintiffs in error go hence without day, and recover all their costs in both courts expended.

*Reversed and rendered.*